**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **WHETSTONE ELECTRONICS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 6:08cv317** |
| | § | |
| **v.** | § | |
| | § | |
| **EPSON AMERICA, INC., et al,** | § | **Jury Trial Demanded** |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ANSWER TO OCÉ NORTH AMERICA, OCÉ IMAGISTICS**
**AND OCÉ BETTER BUSINESS MACHINES, INC.'S**
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Plaintiff Whetstone Electronics, LLC ("Whetstone") files this Answer to Océ North America, Océ Imagistics and Océ Better Business Machines, Inc.'s ("Océ") Counterclaims. The numbered paragraphs below correspond to those presented in Océ's Counterclaims. Except as expressly admitted below, Whetstone denies the allegations and characterizations in Océ's Counterclaims, and in support thereof would show the following:

**ANSWER TO OCE'S COUNTERCLAIMS**

**THE PARTIES**

1.     Upon information and belief, admitted.

2.     Upon information and belief, admitted.

3.     Upon information and belief, admitted.

4.     Admitted.

5.     Admitted.

**JURISDICTION AND VENUE**

6.     No substantive factual allegations are made in this paragraph, therefore, denied.

1

7.      Admitted.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '746 PATENT

8.      No new substantive allegations are made in paragraph 8.

9.      Admitted.

10.     Denied.

11.     Admitted.

12.     Denied.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '746 PATENT

13.     No new substantive allegations are made in paragraph 13.

14.     Admitted.

15.     Denied.

16.     Admitted.

17.     Denied.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '157 PATENT

18.     No new substantive allegations are made in paragraph 18.

19.     Admitted.

20.     Denied.

21.     Admitted.

22.     Denied.

## FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '157 PATENT

23.     No new substantive allegations are made in paragraph 23.

24.     Admitted.

25.     Denied.

26.     Admitted.

27.     Denied.

## FIFTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT AND

## UNENFORCEABILITY OF THE '746 AND '157 PATENTS

28.     Denied.

29.     As "Applicants" is defined, denied.

30.     As "Applicants" is defined, denied.

31.     As "Applicants" is defined, denied.

32.     Admitted.

33.     Denied.

34.     Denied.

**Material References Cited in Related Applications**

35.     As "Applicants" is defined, denied.

36.     Admitted.

37.     The international publications speak for themselves.   Plaintiff denies the characterization of the references.

38.     The international publications speak for themselves.   Plaintiff denies the

characterization of the references.

39.    Denied.

40.    Plaintiff admits that the specification of the '746 patent and the '157 patent contain the quotations cited in paragraph 165.  Plaintiff denies the remainder of the allegations in paragraph 165.

41.    Denied.

42.    Denied.

43.    Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

44.    Denied.

45.    Plaintiff admits that the quoted matter appears to reflect the cited resource.  Plaintiff denies that each of the Applicants, as defined, had such a duty at all times implied in paragraph 45.

46.    Denied.

47.    Denied.

**Material References Identified During Litigation**

48.    Denied.

49.    Denied.

50.    Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

51.    Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

52.    Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

53.    Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

54.    Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

55.    Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

## Material References Identified By Inventors

61.     Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

62.     Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

63.     Denied.

64.     Denied.

65.     Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

## Fiery, Splash, and Colorbus Systems

70.     Denied.

71.     Plaintiff admits that the quoted matter appears to reflect the cited resource.  Plaintiff

        denies that each of the Applicants, as defined, had such a duty at all times implied in

        paragraph 196.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

80.     Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

81.     Plaintiff lacks sufficient information to admit or deny.  Therefore, denied.

82.     Denied.

## **PRAYER**

WHEREFORE, Plaintiff requests that Defendant take nothing against Plaintiff by reason of its counterclaims against Plaintiff, that Plaintiff be awarded the relief sought in its Original Complaint, that the Court dismiss Defendant's Counterclaims against Plaintiff in their entirety with prejudice, that Plaintiff be awarded its costs of suit, including attorneys' fees, and that the Court grant such other and further relief as it deems just and proper.

Dated: January 25, 2010                              Respectfully submitted,


By: _____
       Andrew G. DiNovo
       Texas State Bar No. 00790594
       Adam G. Price
       Texas State Bar No. 24027750
       7000 N. MoPac Expressway, Suite 350
       Austin, Texas 78731
       Telephone: (512) 539-2626
       Facsimile:   (512) 539-2627
       Email: adinovo@dpelaw.com

       *Attorneys for Plaintiff Whetston
       Electronics, LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 25th day of January, 2010 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

_____
Adam G. Price